# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3362

_____

| | |
|---|---|
| Kenneth R. Fee; Jeremy Fee, | * |
| | * |
| Appellants, | *   Appeal from the United States |
| | *   District Court for the |
| v. | *   Northern District of Iowa |
| | * |
| Sheet Metal Workers Local 263, Health | * |
| and Welfare Fund; The Joint Board of | *   [UNPUBLISHED] |
| Trustees of Sheet Metal Workers | * |
| Local 263; Jerry Hintz; Gerald Allen; | * |
| Kevin Neuendorf; Dick Bachelder; | * |
| John Ilten; Mark Watson, | * |
| | * |
| Appellees. | * |

_____

Submitted:  April 12, 2001

Filed:  June 4, 2001

_____

Before BYE and BEAM, Circuit Judges, and NANGLE, District Judge.[1]

_____

PER CURIAM.

Appellant Jeremy Fee intentionally overdosed on his prescription of Impiramine after learning from a friend about its hallucinogenic effects. He became sick and had

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

to be treated in a hospital emergency room. The Fees later sought payment of Jeremy's medical bills through his father's union-sponsored health plan. Of the $2,835.52 in medical bills, the Plan Administrator paid out only $208.00, denying the rest under the policy's "intentional acts" exclusion. The Fees filed a civil action under the Employee Retirement Income Security Act of 1974 (ERISA).[2] The district court[3] granted summary judgment to the defendants. We affirm.

While the Fees allege procedural irregularities in the claims procedures, they have not shown a "connection to the substantive decision reached." Buttram v. Central States, S.E. & S.W. Areas Health & Welfare Fund, 76 F.3d 896, 901 (8th Cir. 1996). Thus, we review for abuse of discretion. See House v. The Paul Revere Life Ins. Co., 241 F.3d 1045, 1047 (8th Cir. 2001) (recognizing discretionary authority of health plan).

Jeremy Fee's overdose clearly fell under the "intentional acts" exclusion. The Fees' argument that Jeremy only intended to hallucinate, not to get sick, is a distinction without a difference. Jeremy Fee admitted he intentionally overdosed on Imipramine to get "high" despite knowing beforehand that it "might be dangerous." Any reasonable person would regard his actions as an intentionally self-inflicted injury. See Garred v. General American Life Insurance Company, 774 F. Supp. 1190, 1198 (W.D. Ark. 1991). Accordingly, we affirm the district court's grant of summary judgment.

---

[2]29 U.S.C. §§ 1001-1461.

[3]The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred by consent of the parties pursuant to 28 U.S.C. § 636(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.